UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JIMMIE SMITH, | ) |
|       Plaintiff, | ) |
| v. | )    Case No. 23-cv-1207 |
| ROB JEFFREYS, *et al.*, | ) |
|       Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights at Pontiac Correctional Center ("Pontiac"). (Doc. 1). The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* The Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff files suit against IDOC Acting Director Rob Jeffreys, Warden Leonta Jackson, Administrative Review Board ("ARB") member Debbie Knauer, Tactical Response Officers 1 and 2, and the IDOC. First, the Court notes that Plaintiff's claims may be barred by the statute of limitations. Congress did not specify a statute of limitations for civil rights claims under Section 1983. *Ray v. Maher*, 662 F.3d 770, 772 (7th Cir. 2011). In determining the statute of limitations

1

for Section 1983 claims, federal courts have adopted the forum state's statute of limitations for personal injury claims. *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). In Illinois, the statute of limitations for personal injury claims is two years. 735 ILCS 5/13-202. Thus, a Section 1983 claim must be filed within two years of the accrual of the claim. A claim accrues for statute of limitations purposes when a plaintiff knows of the fact and cause of an injury. *Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 493 (7th Cir. 2017).

Plaintiff alleges that the incident occurred on September 25, 2020. He filed his complaint more than two years later on May 25, 2023. (Doc. 1). It is unclear, however, when the grievance process was completed. The limitations period is tolled while a prisoner completes the administrative grievance process. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013) (citing *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001)). Out of an abundance of caution, Plaintiff will be permitted to proceed on his claims.

Plaintiff states that Defendants Tactical Response Officers 1 and 2 ("Doe Defendants") transported him from Pontiac to UIC hospital in Chicago for a medical evaluation on September 25, 2020. Plaintiff alleges the Doe Defendants placed him in excessively tight handcuffs and leg shackles and put him in an "aluminum dog kenn[e]l type box" in the back of the transport van. (Doc. 1 at p. 6). Plaintiff's leg shackles were attached to a padlock on the floor, which he claims caused pain and bruising to his ankles during transport. Plaintiff alleges the Doe Defendants operated the vehicle in a "slow stop and go motion," causing Plaintiff to slide forward on the bench and hit his shoulders and the side of his head on the inside of the box. *Id.* at p. 7. Plaintiff also claims Defendants deliberately hit potholes, causing his head to repeatedly slam into the ceiling. As a result, Plaintiff experienced swelling and bruising to the top of his head, severe neck pain, and headaches. Plaintiff states an Eighth Amendment excessive claim against the Doe Defendants.

*Whitley v. Albers*, 475 U.S. 312, 320-21 (1986); *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (a plaintiff may state a claim even with minimal injury if the defendant used force maliciously).

Plaintiff also alleges that the Doe Defendants drove the transport van in this manner to retaliate against him for allegedly assaulting other officers and for filing grievances about the IDOC's transportation procedures. Plaintiff states a First Amendment retaliation claim against the Doe Defendants for allegedly retaliating against him based on his grievances. *See Babcock v. White,* 102 F.3d 267, 276 (7th Cir.1996) (prisoners have a right to complain of prison conditions and may not be retaliated against for exercising that right).

Plaintiff alleges Defendant Warden Leonta Jackson was aware that he was being transported in an "unsafe dog kenn[e]l pod" because Plaintiff filed grievances and "verbalized to him the injuries he repeatedly incurred." (Doc. 1 at pp. 9-10). Plaintiff claims that Defendant Jackson took no action to protect him and denied his grievances. It appears that Plaintiff is trying to hold Defendant Jackson liable for his injuries because he is in a supervisory position at the prison. However, liability under Section 1983 is based on personal responsibility, and Defendant Jackson cannot be held liable for the misdeeds of other prison staff simply because of his supervisory role. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Supervisory prison staff can be held liable for deliberate indifference if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Plaintiff's allegations against Defendant Jackson are too tenuous for the Court to conclude that he was subjectively aware that Plaintiff was at risk of harm and that he condoned, facilitated, or turned a blind eye to the risk. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual

defendant caused or participated in a constitutional deprivation."). Defendant Jackson is DISMISSED without prejudice.

Plaintiff alleges that Defendant ARB member Debbie Knauer denied the grievances he filed about Pontiac's unsafe transportation procedures. The denial or mishandling of a grievance does not amount to a constitutional violation. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Because Plaintiff only alleges that Defendant Knauer denied the grievances, his claim against her is DISMISSED without prejudice.

Plaintiff alleges Defendant IDOC Acting Director Rob Jeffreys disregarded the complaints he made about Pontiac's unsafe transportation procedures in grievances he filed and in two letters he mailed to Defendant Jeffreys. Defendant cannot be held liable merely due to his supervisory position, as the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under Section 1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Simply receiving correspondence from a prisoner does not make a prison official liable for the alleged constitutional violation. *Norington v. Daniels*, No. 11- 282, 2011 WL 5101943, at *3 (N.D. Ind. Oct. 25, 2011); *see also Diaz v. McBride*, No. 93-176, 1994 WL 750707, at *4 (N.D. Ind. Nov. 30, 1994) (plaintiff cannot establish personal involvement and subject a prison official to liability under § 1983, merely by sending the official various letters or grievances complaining about the actions or conduct of subordinates). Defendant Jeffreys is DISMISSED without prejudice.

Finally, the Eleventh Amendment bars Plaintiff's claim against the IDOC, as the IDOC is not a "person" amenable to suit under § 1983. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). Therefore, Defendant IDOC is dismissed with prejudice.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment excessive force claim and a First Amendment retaliation claim against Defendants Tactical Response Officers 1 and 2. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) Plaintiff is advised that unidentified Doe Defendants cannot be served. As a result, the current Warden of Pontiac Correctional Center, Mindi Nurse, will be added as a Defendant for the sole purpose of assisting Plaintiff in the identification of Tactical Response Officers 1 and 2. After the Doe Defendants have been identified, Warden Nurse may move to be dismissed. Plaintiff is placed on notice that it is his responsibility, through initial disclosures and discovery, to identify the Doe Defendants. The failure to do so will result in their dismissal. The Clerk is directed to ADD Mindi Nurse as a Defendant.

3) Defendants Jeffreys, Jackson, and Knauer are DISMISSED without prejudice, and Defendant IDOC is DISMISSED with prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Clerk is directed to TERMINATE Defendants Jeffreys, Jackson, Knauer, and the IDOC from the docket.

4) Plaintiff's Motion for Status Regarding Merit Review [12] is MOOT.

5) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

6) The Court will attempt service on Defendant by mailing a waiver of service. If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

7) Defendant shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered. If Defendant has not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

**8)** If Defendant no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of Defendant's forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

**9)** This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

**10)** Defense counsel is hereby granted leave to depose Plaintiff and shall arrange the time for the deposition.

**11)** Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**12)** Plaintiff shall be provided a copy of all pertinent medical records upon request.

**13)** Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel.

**14)** The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**15)** The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED: 10/24/2023

s/ James E. Shadid
James E. Shadid
United States District Judge
